## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DONALD DORNON,              )
                                      )
          Plaintiff,         )
                                        )
v.                                )     **Case No. 14-4065-RDR**
                                        )
CHRIS JURGENS, et al.,      )
                                        )
          Defendants.      )
_____)

## MEMORANDUM AND ORDER

This matter comes before the court on the following motions:

1)      The City of Scott City's motion to intervene (Doc. 19);

2)      Plaintiff's motion for appointment of counsel (Doc. 21); and

3)      Plaintiff's motion for service of process by the U.S. Marshal's Service (Doc. 24).

The court's rulings are set forth below.

### Background[1]

Plaintiff is a resident of Scott City, Kansas and the thirteen defendants include Scott City police officers, the mayor, city councilmen, and the city attorney. In late 2013, the Scott City Council passed an ordinance which gives the council the power to determine whether real estate within the city limits is considered blighted. The ordinance allows the

---

[1] The facts in this section are taken from the parties' pleadings and briefs and should not be construed as judicial findings or factual determinations.

council to take action to have private property cleaned up and any offending personal property removed, and property owners who do not agree with the council's decision may appeal to the district court.

On November 27, 2013, plaintiff was cited by the Scott City Public Service Officer for violations of the city environmental code—specifically for having fencing supplies, tires, a large number of children's toys, multiple lawn mowers and bicycles, and other items on his real property.  The specific facts are unclear, but it appears that on or about May 6, 2014, the city provided to plaintiff a six-page list of items that he must remove from his property in order to abate the nuisance citation.  After plaintiff failed to clear the items from his yard, city officers apparently removed the offending items on May 8 and 9, 2014.

Appearing pro se, plaintiff claims that the defendants conspired to pass the ordinance for the purpose of denying his constitutional rights and that the ordinance is unconstitutional on its face.  Plaintiff asserts that the city officials, acting in their individual capacities, violated his constitutional rights under 42 U.S.C. § 1983.

### Scott City's motion to intervene (Doc. 19)

Scott City seeks to intervene as a defendant[2] pursuant to Fed. R. Civ. P. 24(a) and (b).  Plaintiff opposes the motion, arguing that he has made no claims of liability against Scott City and that allowing intervention would deprive him of his right to bring this action against the individual defendants.

---

[2] Scott City's motion does not specifically request a party designation.  However, its exhibits to its Memorandum in Support suggest that it intends to act as a defendant.  *See* Mem. Supp., Doc. 20, Ex. 1 at 1 (stating "lacks personal jurisdiction over any defendant *other than* Scott City" (emphasis added)).

2

The Tenth Circuit "generally follows a liberal view in allowing intervention under Fed. R. Civ. P. 24(a)."[3]  Rule 24(a)(2) provides that the court must permit intervention as a matter of right if the intervening party (1) files a timely motion, (2) claims an interest relating to the property or transaction that is the subject of the action, (3) is so situated that the action may as a practical matter impair or impede movant's ability to protect its interest, and (4) the existing parties do not adequately represent that interest.

The court finds that the first three requirements of Rule 24(a) are met.  Scott City timely filed its motion to intervene and clearly has an interest (the constitutionality of its city ordinance) that may be impaired in this case.  However, there remains a question whether the existing defendants—city representatives and employees in their individual capacities—adequately represent the interests of Scott City in upholding its ordinance. "Representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties."[4]  But representation is not adequate if the movant can show a "possible divergence of interest" and that potential for divergence "need not be great."[5]  The burden is on the applicant in intervention to demonstrate this divergence but Scott City does not address the issue.[6]  Because the final requirement of Rule 24(a) is not proven, the court is unable to find that Scott City is entitled to intervene as a matter of right under Rule 24(a).

Although Scott City failed to meet its burden to demonstrate intervention as a matter of right, the court is persuaded that permissive intervention is appropriate under Fed. R. Civ.

---

[3] *Elliot Indus. Ltd. P'ship v. BP Am. Prod.*, 407 F.3d 1091, 1103 (10th Cir. 2005).
[4] *Coal. of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 845 (10th Cir. 1996) (citations omitted).
[5] *Id.*
[6] *Id.*

P. 24(b).  Rule 24(b) allows for permissive intervention if movant: (1) files a timely motion, (2) has a claim or defense that shares common questions of law or fact with the main action, and (3) intervention will not unduly delay or prejudice the original parties' rights.  Scott City's motion is timely and the validity of its ordinance is the subject of plaintiff's lawsuit. Moreover, intervention will not unduly delay or prejudice plaintiff because all parties have not yet been served and discovery has not commenced.[7]

Plaintiff's primary argument is that allowing Scott City to intervene would allow Scott City to claim immunity and therefore deprive him of his right to bring this action against the defendants in their individual capacities.  However, plaintiff provides no support for that statement, and this court is unaware of any such authority.[8]

**IT IS THEREFORE ORDERED** that Scott City's motion to intervene (**Doc. 19**) is **GRANTED.**

### Plaintiff's Motion for Appointment of Counsel (Doc. 21)

In evaluating whether to appoint counsel to represent plaintiff, the court considers (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

---

[7] *See* discussion *infra* pp. 6-7 regarding plaintiff's motion for service of process.
[8] In fact, even in a personal capacity claim, the defendant may assert the affirmative defense of qualified immunity.  *See, e.g.*, *Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1262 (10th Cir. 2009) (analyzing plaintiffs' claims against a municipality and the individual defendants in both their personal and official capacities); *see also Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) (discussing plaintiffs' claims against municipal officials in their individual capacities and the defendants' defense of qualified immunity).

4

the aid of counsel.[9]  Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located; however, the indiscriminate appointment of volunteer counsel to undeserving claims wastes a precious resource and may discourage attorneys from volunteering their time.[10]

After careful consideration, the court declines to appoint counsel to represent plaintiff.  Plaintiff does not proceed in forma pauperis and provides no information about his ability to afford counsel.   Additionally, he fails to identify any attorneys he may have contacted and the court is concerned about plaintiff's lack of meaningful effort to search for counsel.  Plaintiff appears capable at this stage of the lawsuit of presenting his claim without the aid of counsel and in fact has previously filed and litigated a similar case without representation by counsel.[11]   Under the circumstances, the motion for appointment of counsel shall be denied without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's application for appointment of counsel **(Doc. 21)** is **DENIED** without prejudice.

### Plaintiff's Motion for Service of Process by the U.S. Marshals Service (Doc. 24)

Plaintiff requests that the court instruct the clerk's office to sign and date a new summons and order the U.S. Marshals Service to serve each of the thirteen defendants

---

[9] *See Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[10] *Id.* at 1421.
[11] *See Dornon v. Shirley*, Case No. 10-1269-MLB-KGG.

(Docs. 23 and 24).[12]   Plaintiff claims that the defendants have "constantly blocked the plaintiff's efforts to serve the summons."[13]

The docket reflects that plaintiff has attempted to serve all thirteen defendants by certified mail and has filed returns showing both executed and unexecuted service.[14] However, as Scott City notes in its motion,[15] the summonses mailed to defendants were not first issued (signed and sealed) by the clerk's office as required by Fed. R. Civ. P. 4(a)(1)(F) and (G).  Scott City also argues that the documents provided to defendants with the non-issued summonses were not copies of the actual Complaint as required by Rule 4(c)(1). Upon careful review of the docket, it appears that no defendant has been properly served.

Plaintiff's pursuit of this matter as a pro se litigant is not an excuse for failure to follow the relevant rules.   District of Kansas Rule 83.5.4(g) requires that "any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court; the relevant Federal Rules of Civil Procedure, . . . and to proceed in accordance with them."  Because plaintiff has litigated a previous case against many of the same defendants and achieved service in that matter,[16] the court is inclined to believe that he is capable of understanding and following the rules of the court in this case.   Plaintiff is encouraged to review this ruling carefully and to study the guidelines and resource materials for self-represented litigants available at

---

[12] In an effort to avoid duplication, the court directed the clerk's office to docket only Doc. 24 as a Motion for Service.
[13] Doc. 24 at 1.  A number of plaintiff's mailings to defendants appear unclaimed or refused, which seems to validate plaintiff's contention.  *See, e.g.*, Docs. 5 - 12.
[14] *See* Docs. 5 - 18.
[15] Scott City's Mem. Supp. of Mot. to Intervene, Doc. 20 at 1, and Ex. 1 at 1-2.
[16] *See Dornon v. Shirley*, Case No. 10-1269-MLB-KGG.

6

http://www.ksd.uscourts.gov/self-representation.  If plaintiff has not already done so, he must contact the clerk's office to obtain a copy of the Pro Se Guide, in which he will find specific instructions on how to achieve proper service.[17]

Under Fed. R. Civ. P. 4(m), plaintiff's time limit for service on defendants expired on November 17, 2014, which is 120 days after the filing of his complaint.  Given plaintiff's pro se status and apparent confusion, as well as some defendants' apparent frustration of plaintiff's efforts, the court shall extend the time for service.  Plaintiff must effect proper service on all defendants no later than February 20, 2015.

**IT IS THEREFORE ORDERED** that plaintiff's motion for service by the U.S. Marshals Service is **DENIED**.  Plaintiff is ordered to provide addresses for each defendant to the clerk's office **no later than January 23, 2015** for issuance of summons.  Plaintiff must serve all defendants by **no later than February 20, 2015**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 16th day of January 2015.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[17]  Filing Your Lawsuit in Federal Court:  A Pro Se Guide, available at http://www.ksd.uscourts.gov/self-representation/; see Part 3: Service of Summons and Complaint.