IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

DONALD DORNON,

        Plaintiff,

  v.

                                    Case No. 14-4065-RDR-KMH

CHRIS JURGENS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff, proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 against thirteen defendants. He contends that the defendants conspired to violate his constitutional rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments when they passed a city ordinance on public nuisances and then proceeded to rely upon that ordinance to remove personal property from his yard. This matter is presently before the court upon defendants' motion to dismiss and/or for summary judgment.[1]

I.

Plaintiff, who is a resident of Scott City, Kansas, brings this action against Scott City police officers, the mayor, city

---

[1] Plaintiff filed a "surreply" on May 8, 2015. He did so without seeking leave of the court. The court's rules do not provide for the filing of surreplies; they are allowed only in "exceptional circumstances compelling the filing of such a pleading." IMC Chems. v. Nitro, 95 F.Supp.2d 1198, 1214 (D.Kan. 2000). The court finds no such circumstances here. Accordingly, the court shall not consider the plaintiff's surreply. Even if the court were to consider it, we would not find that it impacts the decision reached in this opinion.

council members, and the city attorney. His complaint and the documents attached to it indicate that late in 2013, the Scott City Council passed an ordinance which gives the council the power to determine whether real estate within the city limits is considered blighted. The ordinance allows the council to take action to have private property cleaned up and any offending personal property removed, and property owners who do not agree with the council's decision may appeal to the district court. On November 27, 2013, plaintiff was cited by the Scott City Public Service Officer for violations of the city environmental code--specifically for having fencing supplies, tires, a large number of children's toys, multiple lawn mowers and bicycles, and other items on his real property. On or about May 6, 2014, the city provided to plaintiff a six-page list of items that he must remove from his property in order to abate the nuisance citation. After plaintiff failed to clear the items from his yard, city officers removed the offending items on May 8 and 9, 2014.

Plaintiff contends that defendants conspired to pass the ordinance for the purpose of denying his constitutional rights and that the ordinance is unconstitutional on its face. He further suggests that his property was improperly seized and destroyed without a "conviction" or "warrant."

In their motion to dismiss, defendants raise a variety of arguments. First, the defendants argue initially that plaintiff has failed to set forth any claim against them under the First, Fifth or Sixth Amendments. They further contend that plaintiff has failed to set forth any plausible claim against them under the Fourth or Fourteenth Amendment. Second, the Scott City mayor and council members (defendants Goodman, Green Parkinson, Eitel, Brunswig, Schmidt, Nowak, Gooden and Kuntzsch) assert they are entitled to absolute legislative immunity. Third, other defendants (Kuffler, Shirley, Jurgens and Ford) contend for various reasons that plaintiff's complaint fails to state a claim against them. Fourth, the defendants argue that the City's environmental code does not violate the Constitution. Finally, they contend all of the defendants are entitled to qualified immunity.

## II.

The defendants have moved alternatively for either dismissal under Fed.R.Civ.P. 12(b)(6) or for summary judgment under Fed.R.Civ.P. 56(a). The court shall initially consider whether the defendants are entitled to dismissal under Rule 12(b)(6).

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level"

3

and must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Under this standard, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis in original). The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), but requires more than "a sheer possibility." Id.

The plausibility standard enunciated in Twombly seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 555). Twombly does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven. Id.(citing Twombly, 550 U.S. at 556).

The Supreme Court has explained the analysis as a two-step process. For purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but]

4

we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678.  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.  Id. at 679.  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief." Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.  In a § 1983 action it is "particularly important" that "the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215(10th Cir. 2011)(quoting Robbins v. Okla. Ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008)).

When evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007)) (further citations omitted).

5

A court "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" Id. (quoting Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007))(internal quotation omitted).

### III.

Plaintiff is proceeding pro se. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Trackwell v. United States Gov't, 472 F.3d 1242, 1243 (10th Cir. 2007)(citation omitted). A pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); see Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997)(stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf)(citation omitted); Drake v. City of Fort Collins, 927 F.2d 1156, 1159

6

(10th Cir. 1991)(stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues)(citations omitted). Plaintiff's pro se status does not entitle him to application of different rules of civil procedure. See Hall, 935 F.2d at 1110.

IV.

Title 42 U.S.C. § 1983 creates a cause of action where a "person ... under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person ... to the deprivation of any rights, privileges or immunities secured by the Constitution." Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 616-18 (1979). To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under the color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

A review of the complaint reveals that, at best, plaintiff can pursue claims based upon the violations of the Fourth and Fourteenth Amendments. Plaintiff has made no mention of how his rights under the First, Fifth and Sixth Amendments have been

violated.  He suggests that the defendants illegally seized his property in violation of the Fourth Amendment and/or deprived him of his property without due process of law in violation of the Fourteenth Amendment.  The court shall focus on these claims because the court fails to find that plaintiff has sufficiently articulated a claim under the other Amendments.

As noted previously, plaintiff alleges that the defendants conspired to pass an unconstitutional ordinance.  He further alleges that the defendants then relied upon that ordinance to unlawfully seize and destroy his property.  He contends that the seizure and destruction was unlawful because it occurred without a "prior conviction" or "warrant."

A.

The linchpin for most of plaintiff's claims is his contention that the defendants' engaged in a conspiracy to deprive him of his constitutional rights.  Without any indication concerning how the conspiracy was formed, plaintiff simply asserts repeatedly that the defendants engaged in a conspiracy.

A conspiracy claim under § 1983 requires the allegation of "specific facts showing an agreement and concerted action among the defendants." Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998).  Plaintiff's complaint asserts conclusory and speculative claims of conspiracy among city officials with

8

no supporting factual allegations. Plaintiff has not alleged any specific communication, agreement, cooperation or concerted action from which a conspiracy between the defendants could be inferred. Such claims fail to state a viable claim for relief. Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989)(per curiam)("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."); see also Crabtree By and Through Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990)("[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.").

B.

In addition to alleging facts showing an agreement, a plaintiff must allege facts showing an actual deprivation of a constitutional right. See Thompson v. City of Lawrence, 58 F.3d 1511, 1517 (10th Cir. 1995) (in order to prevail on a section 1983 conspiracy claim, plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right").

The city ordinance passed by the Scott City Council provided for the modification of the city environmental code. The purpose of the ordinance was to eliminate unsightly and hazardous conditions and unsightly stored or accumulated material, equipment, supplies machinery or vehicle parts within the city because such conditions are adverse to the general

9

welfare of the city or are injurious to the health and safety of the residents of the city.  The ordinance provided for both criminal prosecution and civil abatement.  Any person found by the public officer designated with the administration and enforcement of the city environmental code to be in violation of the ordinance is sent a written order of violation.  The individual to whom the order is sent is given (1) either ten days or thirty days (depending upon the type of violation) to abate the nuisance; (2) request a hearing before the city council; or (3) request an extension of time to abate the violation.  Failure to abate the nuisance or request a hearing may result in criminal prosecution and/or civil abatement of the condition.  A criminal prosecution is instituted by the filing of a complaint in the municipal court against the person who is in violation of the ordinance by the public officer in charge of enforcing the ordinance.  Any person found to be in violation of the ordinance shall be guilty of a Class C offense.

If a hearing is sought after receipt of the initial order of violation, the city council will schedule a hearing where the person notified of the offense may appear with counsel and present evidence on the issue.  Following the hearing, the city council will reach a determination and adopt a resolution which will be served on the person requesting the hearing.  Failure to request a hearing will constitute a waiver of the person's right

to contest the findings of the public officer before the city council. If no request for a hearing is made and individual who received the notice has not abated the nuisance, the public officer charged with enforcement of the ordinance can proceed with civil abatement proceedings by presenting a resolution to the city council authorizing the public officer or agents of the city to abate the condition causing the violation at the end of ten days after of passage of the resolution. A copy of the resolution is then served upon the individual causing the violation. The city may then abate the nuisance and charge the costs to the individual charged with the violation. Any person affected by any determination of the city council may appeal to the district court.

Although on this court's initial review, plaintiff's allegations are accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555. A reading of plaintiff's complaint indicates that plaintiff fails to understand the difference between civil abatement and criminal prosecution. The ordinance at issue here allows for both civil abatement and criminal prosecution. There is no allegation by plaintiff that he was charged with a criminal violation. Rather, the allegations in the complaint along with the documents attached to the complaint show that Scott City and its

11

officials sought to use civil abatement to deal with plaintiff's property.

In a case similar to the instant case where plaintiff alleged that the City of Tulsa committed due process violations with its nuisance abatement procedures, the Tenth Circuit held that, "[a]s long as the City's requirements are reasonable and give the aggrieved party adequate notice and an opportunity to meaningfully participate, they are not unconstitutional." Santana v. City of Tulsa, 359 F.3d 1241, 1244 (10th Cir. 2004). The plaintiff in Santana was given advance notice of the nuisance abatement action and had time to remedy it before the city inspectors returned to remove the nuisance. Id. at 1246. The Court determined that a seizure of property after a valid search is reasonable even in the absence of a separate warrant for the seizure when the seizure is conducted pursuant to an established scheme and accompanied by pre-deprivation processes in accordance with that scheme. Id. at 1245.

The documents attached to the complaint clearly indicate that plaintiff received notice of nuisance. The notice clearly described the nuisance. Plaintiff has made no allegation that the defendants did not follow the procedures set forth in the civil abatement ordinance. Rather, plaintiff has only indicated that his constitutional rights were violated because his property was seized without a warrant or conviction. As noted

12

in Santana, a warrant is not necessary under the civil abatement procedures. Of course, a conviction would also be unnecessary. Plaintiff had ample opportunities to seek redress through the procedures established by Scott City in its ordinance on civil abatement of nuisances. "A party cannot create a due process claim by ignoring established procedures. The availability of recourse to a constitutionally sufficient administrative procedure satisfies due process requirements if the complainant merely declines or fails to take advantage of the administrative procedure." Santana, 359 F.3d at 1244(quotation omitted). Accordingly, the court finds that plaintiff has failed to sufficiently allege a plausible claim under § 1983. Therefore, plaintiff's claim under § 1983 against the defendants must be dismissed.

The court also notes there are other reasons to dismiss plaintiff's claims. The court begins with the argument of the mayor and the city council members that they are entitled to absolute legislative immunity. These defendants argue that plaintiff's allegations that they conspired to pass an ordinance require the application of absolute legislative immunity.

The court agrees. Legislators, including local legislators, are absolutely immune from suit for their legislative activities. See Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998). "Whether an act is legislative turns on the nature of

13

the act." Id. at 54. Legislative acts include, among other things, voting on legislation, resolutions, and ordinances, see id. at 55; see also Sable v. Myers, 563 F.3d 1120, 1125-27 (10th Cir. 2009); proposing and signing legislation, see Bogan, 523 U.S. at 55; and conducting legislative investigations, see Sable, 563 F.3d at 1124(citing Tenney v. Brandhove, 341 U.S. 367 (1951)). Here, plaintiff's claims against the mayor and city council arise from their passage of the amendment to the city environmental code. Accordingly, the city council and mayor are entitled to absolute legislative immunity for these actions.

Defendants Kuffler, Shirley and Jurgens also contend that plaintiff has failed to state a claim against each of them. Defendant Kuffler notes that plaintiff has not alleged that he did anything in the complaint. Again, the court agrees. At most, defendant Kuffler is mentioned in the broad sweeping allegations of conspiracy by all defendants. As previously suggested, plaintiff has alleged only conclusory and speculative claims of conspiracy among city officials with no supporting factual allegations. Such claims fail to state a viable claim for relief.

Defendant Shirley makes the same argument as defendant Kuffler. He suggests that plaintiff has not indicated how he violated plaintiff's rights. He points out that he was probably included because he is the city attorney, and may have been

14

involved in the providing legal advice to the city council concerning the passage of the city ordinance.

The court also fails to find that plaintiff has raised sufficient allegations concerning defendant Shirley to show that he violated plaintiff's constitutional rights. The complaint fails to mention that defendant Shirley committed any act that could have violated plaintiff's rights.

Finally, defendant Jurgens, the city's chief of police, contends that plaintiff has failed to state a claim against him. Jurgens acknowledges that plaintiff has stated in his complaint that he "ordered" the seizure and destruction of plaintiff's property. But he argues that plaintiff's complaint fails to identify any way in which the alleged execution of an order to abate a nuisance was in violation of the law. Again, the court agrees. Plaintiff has also failed to state a claim a plausible claim defendant Jurgens.

V.

In sum, the court finds that plaintiff has failed to state a claim under § 1983 against any of the defendants. Plaintiff's complaint shall be dismissed for failure to state a claim upon which relief can be granted. With this decision, the court need not consider the other arguments raised by the defendants.

IT IS THEREFORE ORDERED that defendants' motion to dismiss and motion for summary judgment (Doc. # 47) be hereby granted.

Plaintiff's complaint shall be dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Dated this 21st day of May, 2015, at Topeka, Kansas.

                                          s/Richard D. Rogers
                                          United States District Judge